## In re BENNER.
### Patent Appeal No. 2590.

Court of Customs and Patent Appeals.
Feb. 3, 1931.

George H. Souther, of Niagara Falls, N. Y. (J. E. Hutchinson, Jr., of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Patent Appeals affirming the prior decision of the Examiner rejecting claims 5 and 6 of appellant's application for patent for claimed "improvements in armored storage battery electrodes and processes of making same."

The appealed claims read:

"5. A storage battery comprising a container and a component assembly of electrodes and separators, the electrodes comprising a reticulated grid and an active material, of insufficient density to be self-retaining during the action of the battery, on the grid; the separators being pervious to electrolyte but substantially impervious to the active material and of a material which will expand when electrolyte is added whereby the assembly is placed under pressure.

"6. A storage battery comprising a container and a component assembly of electrodes and separators, the electrodes comprising a frame and a grid, the grid being of less thickness than the frame, an active material on the grid and flush with the frame, said active material being of insufficient density to be self-retaining during the action of the battery; the separators being pervious to the electrolyte but substantially impervious to the active material and of a material which will expand when electrolyte is added whereby the assembly is placed under pressure."

The claims were rejected upon the following references: Usher, 509,271, November 21, 1893; Hutchinson, 1,159,035, November 2, 1915; Cogan, British, 9048, May 20, 1891; Pumpelly et al., British, 19,883, December 10, 1889.

The Cogan and Hutchinson patents are cited merely to show the specific form of grid in appellant's claim 6, and it is virtually conceded that they do so, but appellant states that "this feature is merely a detail of claim 6." His claim is for the combination of the elements recited in Nos. 5 and 6.

If we disregard the grid feature, claims 5 and 6 are practically identical, and Pumpelly and Usher are relied upon as the primary references against them.

In the brief in behalf of appellant it is said: "Briefly, the combination in its essential details comprises a container 1, which the specification states 'should be of sufficient strength to withstand considerable outward force' for reasons hereinafter pointed out; electrodes 2 and 3 having highly porous non-coherent active material of insufficient density to be self-retaining in the grid during the action of the battery; and separators 4 capable of expanding when the electrolyte is added to the battery."

And the brief then points out claimed advantages, and says: "The separators are of selected material having the property of expanding when the electrolyte of the battery is introduced."

The specification says: "The separators used in the present invention are preferably formed of woven or unwoven fibrous material impregnated and aggregated by a suitable bending agent."

The claims, however, do not claim any specific material but say "of a material which will expand when electrolyte is added whereby the assembly is placed under pressure."

The Board of Appeals points out that in Pumpelly, while "perhaps the pressure between the assembled parts is not materially increased by the swelling of the separators," still, since the separators hold the active material in place, "there is the necessary pressure for this purpose between the separators and the plates."

Usher states that he may use separators of wood, earthenware, or an equivalent substance, and the board says "expansive action is necessarily inherent" in such wooden separators.

Both Hutchinson and Cogan teach the use of active material on the grid, "flush with the frame."

Careful study of appellant's application has been made by us in the light of the prior art cited, and we fail to see where, by his combination of elements disclosed in this prior art, and such substitutions as he suggests, he has produced an article possessing the qualities of novelty essential to entitle him to patent upon the claims made, although he may have made useful improvements. Patentable novelty—invention—is lacking.

The decision of the Board of Appeals is affirmed.

Affirmed.